UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORRINE MACK,

    Plaintiff,

v.

MENASHA PACKAGING,

    Defendant.

Case No. 18-cv-1120-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Corrine Mack's motions for leave to proceed *in forma pauperis* (Doc. 2), motion for service of process at government expense (Doc. 9) and motion for a jury trial (Doc. 10).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Mack's affidavit that she is indigent. The Court further finds that this sex discrimination and retaliation action under Title VII of the Civil Rights Act, as

amended,[1] is not clearly frivolous or malicious and does not fail to state a claim.  Accordingly, the Court will grant the motion for leave to proceed *in forma pauperis* (Doc. 2).

The plaintiff further requests that she be provided a jury trial (Doc. 10).  The Court construes this motion as a jury demand pursuant to Federal Rule of Civil Procedure 38(b).  Pursuant to that rule, she must serve the jury demand on the defendant.

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  Therefore, the Court will grant the plaintiff's motion for service of process at the government's expense (Doc. 9).

If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint (Doc. 1) and jury demand (Doc. 10) for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint, jury demand, and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.  Costs of service shall be borne by the United States.

The Court will further refer all pending motions to the magistrate judge assigned to this case pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(a)(1).

For the foregoing reasons, the Court:

---

[1] The plaintiff has checked on her form complaint the box indicating she is intending to sue under the Americans with Disabilities Act.  However, it is clear from the substance of her complaint that she intends to sue for discrimination based on her sex, not a disability.

2

- **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2);

- **GRANTS** the plaintiff's motion for a jury trial (Doc. 10);

- **GRANTS** the plaintiff's motion for service of process at government expense (Doc. 9); and

- **REFERS** the plaintiff's motion for appointment of counsel (Doc. 3) to Magistrate Judge Reona J. Daly.

**IT IS SO ORDERED.**
**DATED: July 10, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**